# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| FREDERICK S. MOORE, JR., ) <br> d/b/a DUB 47 ENTERTAINMENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) No. 05-6080-CV-SJ-FJG <br> ERIC POWELL, CITY OF ST. JOSEPH, ) <br> MISSOURI, and ST. JOSEPH, MISSOURI ) <br> POLICE DEPARTMENT, ) <br> ) <br> Defendants. ) | |

## ORDER

Currently pending before the Court is defendants' Motion for a More Definite Statement (Doc. No. 28).

### I. BACKGROUND

Pro se plaintiff alleges in his amended complaint (Doc. No. 26) that officer Eric Powell of the St. Joseph Police Department "with racial animus and intention, interrupted a social occasion being celebrated by the Plaintiff, family and friend(s) and struck and pepper sprayed the Plaintiff." Plaintiff also asserts that officer Powell and others conspired to fabricate evidence in a police report to cover-up their actions of misconduct and to have plaintiff charged with resisting arrest. Plaintiff asserts claims for (1) § 1983 Excessive Force against "Defendant Officer" (defined as officer E. Powell); (2) § 1983 Excessive Force against Defendant Officer; (3) False arrest against Defendant Officer; (4) "Monell" against the City of St. Joseph; (5) Negligent retention against the City of St. Joseph; (6) "745 ILSC 10/9 - 102" Claim against the City of St. Joseph; (7) Supplementary Claim for

Respondeat Superior against the City of St. Joseph and City of St. Joseph Police Department; (8) § 1983 Malicious Prosecution–State Claim against Defendant Officer; (9) § 1983 Malicious Prosecution claim against Defendant Officer; (10) Conspiracy claim against defendant officer; (11) Conspiracy Claim–State against Defendant Officer; and (12) § 1983 Unlawful Search of Residence against Defendant Officer.

## II. DISCUSSION

### A. Motion For a More Definite Statement

Fed.R.Civ.P. 12(e) states in part, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." In Dillon v. Brown County, Nebraska, No. 8:02CV108, 2003 WL 820570, (D.Neb. Mar. 3, 2003), the Court stated,

> [a] motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. . . . Motions for a more definite statement are rarely granted, however, in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides. . . .
> Motions under Rule 12(e) are designed to strike at unintelligibility in a pleading rather than want of detail.

Id. at *4 (internal citations and quotations omitted).

Defendants assert several deficiencies with plaintiff's amended complaint. First, defendants desire a more definite statement as to who the actual parties to the amended complaint are, as the complaint has been ambiguously pled. The caption of the Amended Complaint names as defendants "Officer E. Powell, City of St. Joseph/Mayor D. Jones, City

2

of St. Joseph Police Dept./Chief of Police M. Hirter." However, the body of the Amended Complaint asserts allegations against "M. Chester FORMER OFFICER[1]," "Defendant Officer" (defined as "Officer E. Powell"), "City of St. Joseph" and "St. Joseph Police Department." Defendants specifically want to know whether the defendants in this matter include Chief of Police Mike Hirter, Mayor D. Jones, and M. Chester ("Former Officer").

Plaintiff responds that "Caption of the Amended Complaint clearly list Defendants names . . . . Former Officer Michael Chester's name was not listed because until recently he was not officially served but can now be served through counsel of record. Chief of Police Mike Hirter and Mayor David Jones are named Defendants." Although this response somewhat clarifies plaintiff's position, it does not correct the underlying deficiencies in plaintiff's amended complaint, namely failure to include Officer Chester as a named defendant in the caption of the amended complaint and failure to indicate that Mayor David Jones and Chief of Police Mike Hirter are separate defendants. Therefore, defendants' motion for more definite statement is **GRANTED** as to this issue, and plaintiff shall file a second amended complaint which separately identifies all named defendants within the caption of the complaint on or before **JANUARY 31, 2006.**

Second, defendants desire a more definite statement as to whether M. Chester, Chief of Police Mike Hirter or Mayor D. Jones as sued in their individual or official capacities, noting that a more definite statement in this respect is necessary for these individuals to assert appropriate defenses, such as official and/or sovereign immunity. Plaintiff does not respond with particularity to this issue, stating only that "Chief Of Police Mike Hirter and

---

[1]Chester was listed as a defendant in the caption of the original complaint (Doc. No. 1).

Mayor David Jones are not immune under 1983 suit A municipality has no immunity from liability under 1983 flowing from its constitutional violations and may not assert the good faith of its officers as a defense to such liability." The Court notes that in a situation such as this, defendants do not need a more definite statement in order to frame a response; instead, the Eighth Circuit has held that an action is against defendants only in their official capacities absent a clear statement that defendants are sued in their individual capacities. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). Therefore, in this respect, defendants' motion is **DENIED**. However, if plaintiff wishes to clarify the capacity in which he seeks to sue defendants Hirter, Jones, and Chester, he may do so in his second amended complaint to be filed on or before **JANUARY 30, 2006**.

Third, defendants request a more definite statement as to the allegation contained in ¶ 17(D) of the Amended Complaint, where plaintiff alleges that E. Powell and M. Chester used "the criminal justice system as a device to cover up the misconduct of Defendant Officer and M. Chester." The Court finds that this allegation does not constitute a major ambiguity or omission in the Complaint that renders it unanswerable. Therefore, defendants' motion for a more definite statement is **DENIED** as to this issue.

Fourth, defendants request a more definite statement as to what cause of action is asserted in Count IV of plaintiff's amended complaint, which is entitled "Monell" and realleges counts 1-18 of plaintiff's amended complaint. Plaintiff responds that "Count IV Monell reference is MONELL v. NEW YORK CITY DEPT. OF SOCIAL SERVICES, 436 U.S. 658." The Court recognizes that Monell is a prominent case in Section 1983 litigation that allows municipalities to be held liable for the actions of their employees in certain limited

4

circumstances. However, plaintiff provides no indication in Count IV of his complaint as to how the City of St. Joseph could be held liable using the Monell doctrine. Therefore, defendants' motion is **GRANTED** as to this issue, and plaintiff is directed to provide a more definite statement as to the theory of liability asserted in Count IV of plaintiff's second amended complaint, to be filed on or before **JANUARY 30, 2006.**

Fifth, defendants request a more definite statement as to who the purported "District Commanders" are that are referenced in Count V of plaintiff's amended complaint and what harm they have caused plaintiff. Specifically, Count V of the amended complaint re-asserts paragraph 1-18, and then states "The CITY OF ST. JOSEPH has continued to retain said District Commanders, notwithstanding the dereliction of duty and practice they have established of allowing illegal arrests to take place, false police reports to be lodged and innocent civilians to become arrested." Plaintiff does not respond to defendants' motion as to this issue. Nowhere in the amended complaint does plaintiff identify who the "said District Commanders" might be. Therefore, defendants' motion is **GRANTED** as to this issue, and plaintiff is directed to clarify his allegations as to Count V in his second amended complaint, to be filed on or before **JANUARY 30, 2006.**

Sixth, defendants request a more definite statement as to Count VI of plaintiff's amended complaint; specifically, defendants request a more definite statement as to what the numbers/letters "745 ILCS 10/9 – 102" purport to represent. Plaintiff responds that "745 ILCS 10/9 – 102 dissolves immunity when officials are acting under color of law." The Court finds that this allegation does not constitute a major ambiguity or omission in the Complaint

that renders it unanswerable.[2] Therefore, defendants' motion for a more definite statement is **DENIED** as to this issue.

Seventh, defendants seek a more definite statement as to what declaratory and/or injunctive relief plaintiff seeks. Paragraph 2 of plaintiff's amended complaint references "Declaratory and injunctive relief," but no such request for relief is made within the counts of plaintiff's amended complaint. Plaintiff does not respond to defendants' motion as to this issue. Defendants' motion is **GRANTED** as to this issue. If plaintiff wishes to assert declaratory and/or injunctive relief, his second amended complaint (to be filed on or before **JANUARY 30, 2006**) shall clarify what type of declaratory and/or injunctive relief he seeks.

Eighth, defendants seek a more definite statement as to what evidence was allegedly fabricated in the police report of defendant Powell and Michael Chester. However, this is the sort of evidence that defendants should be able to seek through discovery. The Court finds that this allegation does not constitute a major ambiguity or omission in the Complaint that renders it unanswerable. Therefore, defendants' motion for a more definite statement is **DENIED** as to this issue.

### III. CONCLUSION

For the reasons stated above, defendants' Motion for More Definite Statement (Doc. No. 28) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff shall filed his Second Amended Complaint addressing the issues detailed above on or before **January 30, 2006**.

---

[2]Plaintiff appears to be referring to the Illinois Compiled Statutes; 745 Ill. Comp. Stat. 10/9–102 discusses payment of judgments or settlements by Illinois local public entities for damages caused by their employees. The Court declines to address the applicability of the Illinois Compiled Statutes to the matter at hand, as that discussion is beyond the issues raised in this motion for more definite statement.

6

If plaintiff fails to file a Second Amended Complaint addressing the issues detailed in this order on or before **JANUARY 30, 2006**, plaintiff is cautioned that the Court may strike the portions of his first amended complaint that have been found to be too vague or ambiguous for defendants to formulate a response.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Frederick S. Moore, Jr.
506 S. 20th Street
St. Joseph, Missouri 64501

**IT IS SO ORDERED.**

                                            **/S/ FERNANDO J. GAITAN, JR.**
                                            Fernando J. Gaitan, Jr.
                                            United States District Judge

Dated:  January 9, 2006
Kansas City, Missouri